**SO ORDERED: November 6, 2013.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| RANDI MICHELLE TITZER AND ) | Case No. 12-70556-BHL-7 | |
| MICHAEL GLENN TITZER, JR., ) | | |
| Debtors ) | | |
| _____) | | |
| DAVID L. BUCK, ) | Adv. No. 12-57015 | |
| Plaintiff ) | | |
| v. ) | | |
| ) | | |
| RANDI MICHELLE TITZER, ) | | |
| Defendant ) | | |
| _____) | | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on David L. Buck's (hereafter the "Plaintiff") **Motion For Summary Judgment**, filed on April 24, 2013, and Randi Michelle Titzer's (hereafter the "Defendant") **Brief in Opposition to Motion for Summary Judgment**, filed on June 17, 2013. Based upon its review of the foregoing pleadings, the Court hereby **GRANTS** Plaintiff's **Motion For Summary Judgment**.

### Jurisdiction

Plaintiff seeks a determination from this Court that the indebtedness owed to it by Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). This is a "core

proceeding" for which the Bankruptcy Court may enter a final judgment. 28 U.S.C. § 157(b)(2)(I).

### Procedural History and Factual Background

On March 25, 2010, the marriage between Plaintiff and Defendant was dissolved by the Vanderburgh County Superior Court in Case No. 82D04-0910-DR-1008. As a part of the Decree of Dissolution of Marriage, the Vanderburgh Superior Court incorporated and merged the Plaintiff and Defendant's "Written Waiver And Agreement" (hereafter the "Agreement") into the Decree. Paragraph "G" of the Agreement awards Defendant sole ownership of their 2009 Ford Fusion subject to the security interest of Heritage Federal Credit Union. The Agreement further ordered the Defendant to hold Plaintiff harmless as to the debt owed to Heritage Federal Credit Union.

On April 17, 2012, the Defendant sought relief under the Bankruptcy Code by filing a Voluntary Chapter 7 Petition. On July 24, 2012, the Plaintiff commenced this Adversary Proceeding to determine the dischargeability of the "hold harmless" clause in the Divorce Decree. The Plaintiff alleges the debt owed to him is not dischargeable under 11 U.S.C. § 523(a)(15) as a property settlement.

### Standard of Review

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Celotex, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249.

## Discussion

In a Chapter 7 Bankruptcy, 11 U.S.C. § 523(a)(15) prevents a debtor from discharging an obligation to a "former spouse . . . that is incurred by the debtor in the course of a divorce . . . .." Here, there is no question the Plaintiff is the Defendant's former spouse. The main source of contention arises from the hold harmless provision and whether it falls within the scope of § 523(a)(15).

Hold harmless clauses in a divorce proceeding usually involve a court ordering one spouse to pay a third party creditor some percentage or all of a debt owed by either or both spouses. Payments are made to the third party creditor to satisfy the debt; however, the payments are not the only existing obligation. An equal obligation is owed by the paying spouse to the

other. If the paying spouse defaults on its payments to the creditor, the paying spouse similarly defaults on its obligation to the other spouse.

In analyzing the dischargeability of a hold harmless obligation to a former spouse, this Court agrees with the approach taken by *In re Harn*, 2008 WL 130914 (Bkrtcy.C.D.Ill.). The issue in *Harn* involved a husband and wife who were each ordered to hold the other harmless against their half of a commercial loan. *Id.* at 1. The wife subsequently filed a Chapter 7 Bankruptcy and attempted to discharge her obligation. *Id.* The court determined the wife's obligation to the former husband could not be discharged under § 523(a)(15), as it was an obligation owed to a former spouse and arising from a divorce proceeding. *Id.* at 4.

Here, the Vanderburgh Superior Court ordered the Defendant to hold the Plaintiff harmless against a debt owed on her 2009 Ford Fusion. The Defendant has failed to obey this order by attempting to discharge that obligation in this bankruptcy. Like the facts of *In re Harn*, this is a debt incurred by the Defendant, owed to a former spouse, and arising from a divorce decree. Having found no genuine issue of triable fact regarding the nature of this debt, the Defendant may not discharge her obligation to the Plaintiff pursuant to § 523(a)(15).

Accordingly, the Plaintiff's **Motion For Summary Judgment** is **GRANTED.**

**SO ORDERED.**

###